FILED

09/21/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0172

## SYNOPSIS OF THE CASE[1]

**2022 MT 184, DA 22-0172: MONTANA DEMOCRATIC PARTY and MITCH BOHN; and WESTERN NATIVE VOICE, MONTANA NATIVE VOTE, BLACKFEET NATION, CONFEDERATED SALISH AND KOOTENAI TRIBES, FORT BELKNAP INDIAN COMMUNITY, and NORTHERN CHEYENNE TRIBE; and MONTANA YOUTH ACTION, FORWARD MONTANA FOUNDATION, and MONTANA PUBLIC INTEREST RESEARCH GROUP,** Plaintiffs and Appellees, v. **CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State,** Defendant and Appellant.

A majority of the Montana Supreme Court has upheld a District Court Order temporarily enjoining two election laws enacted during the 2021 legislative session, pending the outcome of further court proceedings. SB 169 prevents voters from using student IDs to establish identity at the polls without also furnishing specified additional documentation showing the voter's name and current address. HB 176 removes the option for election day registration, which allowed Montanans to both register to vote and cast a ballot on election day.

Relying on prior caselaw, the Supreme Court held the District Court's preliminary injunction was not an abuse of discretion, holding that the challengers had initially demonstrated that they would suffer irreparable harm in the form of a burden of their fundamental right to vote and the Legislature lacked a sufficient state interest to preclude exclusive use of student IDs to vote or preclude registration on election day.

The District Court heard evidence supporting its finding that SB 169 imposed hurdles to voting for young voters and students, who tend to be highly mobile and more likely to lack the additional documentation required under SB 169. The Supreme Court noted that the record evidence demonstrated that voter fraud was rare in Montana and that there were no known cases of voter fraud associated with the use of student IDs to vote in Montana.

The Court also found the claim that SB 169 deters voter fraud was undermined by SB 169's provision for the use of concealed-carry permits as a form of stand-alone voter ID, despite the fact that concealed-carry permits are not uniformly administered and are not required by Montana statute to bear a photographic likeness of the permit holder.

With regard to the repeal of the ability to register to vote on election day, the Court found that the District Court had heard evidence that many voters, particularly in Native American communities, had come to rely upon same-day registration to vote and the

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

evidence was sufficient to issue a preliminary injunction preserving the status quo pending a final resolution of the matter at trial.

The dissenting Justices pointed out the District Court's failure to apply the provision of the Montana Constitution granting the Legislature express authority to regulate and ensure the security of elections. The Dissent reasoned it was premature for the District Court to apply strict scrutiny review merely because the challenged legislation touched on the fundamental right to vote, but that strict scrutiny may ultimately be applied based on the trial record demonstrating interference with exercise of the right. Accordingly, the Dissent would have reversed the preliminary injunction and remanded for a full trial on the merits of each parties' arguments.

Finally, one Justice concurred with the majority on upholding the preliminary injunction on SB 169 but agreed with the dissent regarding elimination of election day registration.